UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

          Plaintiff,                    CIVIL ACTION NO. 07-10831

v.                               DISTRICT JUDGE ARTHUR J. TARNOW

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE DONALD A. SCHEER
CORRECTIONS, et. al.,

          Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' separate Motions to Sever and Change Venue should

be GRANTED, as Plaintiff has failed to demonstrate a right to relief arising out of the same

transaction or occurrence, or that there is a question of law or fact common to all

defendants. The severed claims against the KCF and HTF defendants  should be

transferred to the Western District of Michigan because all allegations against them

occurred at prison facilities located within the jurisdiction of that court.

*   *   *

Plaintiff, while a state prisoner at the Ojibway Correctional Facility (OCF) in

Marenisco, Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on

February 23, 2007, against the Michigan Department of Corrections (MDOC), several of

its correctional institutions, multiple MDOC officials and employees and various health-care

professionals.  On May 29, 2007, the Court dismissed Plaintiff's claims against the MDOC,

the Kinross Correctional Facility (KCF), Hiawatha Correctional Facility (HTF), Saginaw

Correctional Facility (SRF), Hearing Officer Theut and Defendant Kukec for failure to state

_____

[1]Plaintiff is currently incarcerated at the Kinross Correctional Facility in Kincheloe,
Michigan.

a claim upon which relief can be granted (Docket #5). Of the remaining defendants, 13 of 20 individual defendants have been served to date, including those bringing the instant motions.

While incarcerated at SRF between December 2005 and January 2006, Plaintiff alleges that Defendants Trombley, Buczek and Kelly failed to house him in a smoke-free environment, which he requires because he suffers from a serious medical condition. Plaintiff further alleges that these three defendants placed severe restrictions on his ability to use the restroom, failed to provide him with copies of his legal documents, and illegally transferred him to KCF in retaliation for filing grievances. Plaintiff claims that Defendant Caruso, as Director of MDOC, failed to take any action to prevent these alleged violations from occurring (See Complaint Counts 1-5).

Following Plaintiff's transfer to KCF in January 2006, Plaintiff alleges that KCF prison officials were deliberately indifferent to his serious medical needs. He further claims that KCF officials failed to properly treat injuries he suffered in a slip and fall accident at the prison (Complaint Counts 6-12).

Plaintiff was transferred to HTF on March 24, 2006. Plaintiff alleges that HTF officials failed to house him in a smoke-free environment, were deliberately indifferent to his serious medical needs and did not provide him with nutritious meals. He also claims that HTF officials deprived him access to the courts and wrote false misconduct tickets against him. Plaintiff alleges that his right to be free from cruel and unusual punishment was repeatedly violated while he was incarcerated at HTF (Complaint Counts 13-25).

The served Defendants filed a Motion to Sever and Change Venue on October 22, 2007 (Docket #11). Defendants Trombley, Buczek and Kelly, employed at SRF, located

in Eastern District of Michigan, seek severance from the claims brought against prison officials at KCF and HTF. Those two prisons are in the Upper Peninsula of Michigan located in the Western District. Arguing that the claims set forth in the Complaint against them are factually separable, occurred at different time periods and took place at differing geographic locations, Defendants Trombley, Buczek and Kelly urge the Court to sever them from the KCF and HTF defendants.

Defendants Metrish, Ball, Covert, Maloney, Peller and Searles, all employed at either KCF or HTF, joined in the motion to sever their claims from the three SRF defendants. These defendants also moved to change venue of their claims to the Western District of Michigan because all the allegations against them occurred at prison facilities located within that district. Defendant McClellan filed a separate motion to Sever and Change Venue on October 26, 2007 (Docket #24).

Plaintiff filed a response to Defendants' Motions to Sever and Change Venue on November 13, 2007, arguing that the Court has the discretion not to sever the Complaint or change venue even though the claims do not arise out the same transaction. Plaintiff maintains that, since all the Defendants will be represented by the state Attorney General's office, there would be no increase in cost or inconvenience to the parties from permissive joinder.

PERMISSIVE JOINDER/SEVERANCE

Rule 20(a) of the Federal Rules of Civil Procedure (FRCP) states that permissive joinder of defendants is proper when the alleged claim "arises out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Rule 21 of the FRCP provides that, when misjoinder occurs, "parties may be dropped or added by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are just. Any claim against a party my be severed and proceeded with separately." Under Rule 21, the Court has broad discretion "to order a severance to avoid causing unreasonable prejudice and expense to the defendant... and to avoid great inconvenience in the administration of justice." Fed R. Civ P 21.

Although it is true that the Court may sever claims at any stage of the litigation if the requirements of Rule 20 are not met, the fact that the parties in the instant case have not conducted any discovery or other pretrial litigation clearly limits the consideration of whether Plaintiff's claims are properly joined for purposes of trial. At this stage in the litigation, analysis and determination of whether Plaintiff's claims are properly joined for purposes of discovery and/or trial is limited to the allegations contained in the Complaint. Therefore, it is presumed, for purposes of the motions to sever, that Plaintiff's allegations are true.

For Plaintiff's claims to be properly joined, they must satisfy both requirements of Rule 20(a): (1) there must be a right to relief arising out of the same transaction or occurrence, and (2) there must be a question of law or fact common to all defendants. See Crutcher v. Commonwealth of Kentucky, 961 F.2d 1576; 1992 WL 98020 at *3 (6th Cir. May ll, 1992)(unpublished). Courts may consider many different factors when considering whether civil rights claims arise from the same transaction or occurrence. These often include: the time period during which the alleged acts occurred; whether the acts of discrimination are related; whether more than one act of discrimination is alleged; whether the same supervisors were involved, and whether the defendants were at different

4

geographical locations. See Brown v. Worthington Steel Inc., 211 F R D 320, 323-325 (S.D. Ohio 2002).

In the instant case, Plaintiff alleges discriminatory acts at three different correctional facilities within two separate districts. While incarcerated at SRF between December 2005 and January 2006, Plaintiff alleges that Defendants Trombley, Buczek and Kelly failed to house him in a smoke-free environment, placed severe restrictions his ability to use the restroom, failed to provide him with copies of his legal documents, and illegally transferred him to KCF in retaliation for filing grievances.

Once Plaintiff was transferred to KCF in January 2006, and then to HTF two months later, he alleges that prison officials at both facilities were deliberately indifferent to his serious medical needs, failed to house him in a smoke-free environment and did not provide him with nutritious meals. He also claimed that HTF officials deprived him access to the courts and wrote false misconduct tickets against him. Because the claims set forth in the Complaint are factually separable, took place at different time periods, allege that different defendants violated his civil rights in separate ways, and occurred at differing geographic locations, permissive joinder of all twenty individual defendants would not provide overlapping proof or testimony.

Considering all of the factual allegations in the Complaint, Plaintiff's has failed to demonstrate a right to relief arising out of the same transaction or occurrence, or that there is a question of law or fact common to all defendants. It is clear that the claims alleged against the KCF and HTF defendants do not meet the transactional relatedness requirement of Rule 20. Accordingly, I recommend that the Court sever the KCF and HTF defendants, and the claims against them, from the Complaint.

CHANGE OF VENUE

Defendants Metrish, Ball, Covert, Maloney, Peller and Searles, all employed at either KCF or HTF, moved to change venue of their claims to the Western District of Michigan because all the allegations against them occurred at prison facilities located within the jurisdiction of that court. Defendant McClellan filed a separate motion to Sever and Change Venue on October 26, 2007.

Venue lies in the judicial district where the defendants reside or where the claims arose. For the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to another judicial district or division where the action might have been brought. It is well established that the transfer of venue is a matter with the sound discretion of a district court. Norwood v. Kirkpatrick, 349 U.S. 29, 31-33 (1955). A Motion for Transfer of Venue is not required, and the court may enter an Order *sua sponte*. Carver v. Knox County Tennessee, 887 F.2d 1287, 1291 (6th Cir. 1989).

The factors that guide a district court's discretion in deciding whether to transfer a case include: 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with governing law; 8) the weight accorded the plaintiff's choice of forum; and 9) trial efficiency and interests of justice, based upon the totality of the circumstances. Overland, Inc. v. Taylor, 79 F.Supp. 2nd 809, 811 (E.D. Mich. 2000) (Gadola, J.). Upon review of Plaintiff's Complaint, I am satisfied that factors 1, 2, 3, 4 and 9 militate in favor of the transfer the severed claims against the KCF and HTF defendants to the Western District of Michigan.

I am persuaded that the convenience of the parties and witnesses, as well as the interests of justice, warrant an Order transferring the severed claims against the KCF and HTF defendants to the United States District Court for the Western District of Michigan. The primary factors supporting this determination are that: a) all of the operative facts in the case took place at two prison facilities located in the Western District; b) the documents and witnesses necessary to the presentation of the case are most likely located in the Western District of Michigan; and c) that trial efficiency and the interests of justice will be best served by a trial in the Western District of Michigan.

For all of the above reasons, Defendants' Motions to Sever and Change Venue, filed on October 22 and 26, 2007, should be granted (Docket #11 & 24). I recommend the transfer of the severed claims against the KCF and HTF defendants in this action to the United States District Court for the Western District of Michigan. The Clerk of the Court should be ordered to transfer those claims to the Clerk of the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1404(a).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

DATED: November 30, 2007        s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

_____

**CERTIFICATE OF SERVICE**

I hereby certify on November 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 30, 2007. **Frank Nali.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge Donald A. Scheer
                              (313) 234-5217