UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

        Plaintiff,                      CIVIL ACTION NO. 07-10831

v.                                    DISTRICT JUDGE ARTHUR J. TARNOW
                                            MAGISTRATE JUDGE DONALD A. SCHEER

PATRICIA CARUSO,
JAN TROMBLEY,
KELLY BUCZEK, and
ALLAN KELLY,

        Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to revoke Plaintiff's *in forma pauperis* status, pursuant to the three strike rule of 28 U.S.C. § 1915(g), should be DENIED, as Plaintiff did not have three previous dismissals with prejudice while incarcerated at the time he filed the instant complaint.

                                                             *   *   *

Plaintiff, while a state prisoner at the Ojibway Correctional Facility (OCF) in Marenisco, Michigan,[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on February 23, 2007, against the Michigan Department of Corrections (MDOC), several of its correctional institutions, multiple MDOC officials and employees and various health-care organizations/professionals[2]. On December 13, 2007, the Court severed the claims against

---

[1] Plaintiff is currently incarcerated at the Pugsley Correctional Facility at 7401 E. Walton Road in Kingsley, Michigan.

[2] On May 29, 2007, the Court dismissed Plaintiff's claims against the MDOC, the Kinross Correctional Facility (KCF), Hiawatha Correctional Facility (HTF), Saginaw Correctional Facility (SRF), Hearing Officer Theut and Defendant Kukec for failure to state a claim upon which relief can be granted (Docket #5).

defendants employed at the Kinross and Hiawatha Correctional Facilities. That part of the case was transferred to the Western District of Michigan because the allegations against the Kinross and Hiawatha defendants occurred at prison facilities located within the jurisdiction of that court (Docket #44).

While incarcerated at SRF between December 2005 and January 2006, Plaintiff alleges that Defendants Trombley, Buczek and Kelly failed to house him in a smoke-free environment, which he requires because he suffers from a serious medical condition. Plaintiff further alleges that these three defendants placed severe restrictions on his ability to use the restroom, failed to provide him with copies of his legal documents, and illegally transferred him to KCF in retaliation for filing grievances. Plaintiff claims that Defendant Caruso, as Director of MDOC, failed to take any action to prevent these alleged violations from occurring (See Complaint Counts 1-5).

Defendants Caruso, Trombley, Buczek and Kelly filed a motion on January 11, 2008, to revoke Plaintiff's *in forma pauperis* status, pursuant to the three strike rule of 28 U.S.C. § 1915(g). Defendants assert that Plaintiff has filed four previous civil actions that were dismissed in federal court with prejudice on the grounds that they were either frivolous, malicious or failed to state a claim upon which relief could be granted. Defendants argue that Plaintiff cannot use the periodic payment benefits of § 1915(b), but must instead file a new action and make a full payment of the filing fee.

Plaintiff filed a response to Defendants' motion on January 28, 2008, arguing that his *in forma pauperis* status should not be revoked. Plaintiff maintained that he was not incarcerated at the time one of the four cases discovered by the Defendants was brought and later dismissed with prejudice. He also maintained that the most recent dismissal

discovered by Defendants occurred nine months after he filed the instant action. Defendants have not filed a reply to date.

DISCUSSION AND ANALYSIS

Plaintiff filed his Complaint on February 23, 2007, and he was granted *in forma pauperis* status on May 3, 2007 (Docket #4). All prisoners granted such status are subject to the "three strike rule" of 28 U.S.C. § 1915(g), which states in pertinent part:

> a prisoner cannot bring a civil action if he has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. 1915(g).

Defendants assert that Plaintiff had four previous civil actions dismissed for failure to state a claim upon which relief can be granted. The four cases discovered by Defendants were:

1. Nali v. Jackson, et. al., 00-75403 (Eastern District of Michigan). Dismissed with prejudice under 28 U.S.C. 1915(g) in December 2000 (See Defendants' Exhibit 1, attached to Motion to Dismiss).

2. Nali v. Harris, 05-70077 (Eastern District of Michigan). Dismissed under 28 U.S.C. 1915(e)(2)(b) for failure to state a claim on February 17, 2005 (Exhibit 2).

3. Nali v. DeBoer, et. al., 2:06-cv-721 (Western District of Michigan). Dismissed with prejudice on December 11, 2006, with an order that such dismissal constituted a strike as under 28 U.S.C. 1915(g) (Exhibit 3).

3

4. <u>Nali v. Ekman, et. al.</u>, 2:07-cv-87 (Western District of Michigan). In a Memorandum and Opinion dismissing the case with prejudice on November 15, 2007, the Court ordered that the dismissal constitutes a strike as under 28 U.S.C. 1915(g) (Exh 4).

As mentioned above, an *in forma pauperis* prisoner cannot bring a civil action if, at the time of the filing, he has had three or more prior dismissals with prejudice by a federal court. As correctly pointed out by Plaintiff, the November 15, 2007, dismissal by the Western District in <u>Nali v. Ekman, et.al.</u>, cannot be counted as a strike since this dismissal took place nearly nine months <u>after</u> the instant Complaint was filed. Moreover, the plain language of § 1915(g) requires that a prisoner be incarcerated or detained at the time the action was <u>brought</u> in order for a subsequent dismissal to count as a strike. According to the docket sheet attached as Exhibit 1 to Defendants motion, Plaintiff was residing in Grosse Pointe, Michigan at the time he commenced the case of <u>Nali v. Jackson, et. al.</u>, on December 27, 2000.

Since Plaintiff did not have three dismissals with prejudice of cases brought while he was incarcerated at the time he filed the instant complaint, this Court retains authority to consider the merits of this matter. Accordingly, Defendants' Motion to revoke Plaintiff's *in forma pauperis* status should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                    s/Donald A. Scheer
                                    DONALD A. SCHEER
                                    UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2008

_____

## CERTIFICATE OF SERVICE

      I hereby certify on February 27, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 27, 2008. **Frank Nali.**

                                    s/Michael E. Lang
                                    Deputy Clerk to
                                    Magistrate Judge Donald A. Scheer
                                    (313) 234-5217